NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| DR. GORDON G. ASMUTH, *pro se*, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 05-5752 (GEB) |
| | : | |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| RAHMAAN M. SIMPKINS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon plaintiff's motion for default judgment and plaintiff's motion to be reinstated. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, will deny plaintiff's motions.

**I. BACKGROUND**

On December 3, 2001, plaintiff Dr. Gordon G. Asmuth ("Plaintiff") was hired by the State of New Jersey Higher Education Assistance Authority ("HESAA") as a Web Application Programmer. (Complaint at 3; Answer at 2.) On February 28, 2005, defendant Simpkins, Director of Human Resources for HESAA, requested that Plaintiff submit to a medical examination following four days of sick leave. (See Complaint at Exhibit US2.) Sometime thereafter, Plaintiff was apparently terminated for insubordination for failure to be examined by two medical doctors. (See Complaint at 10.)

On December 9, 2005, Plaintiff filed his Complaint against defendants Rahmaan M. Simpkins, Francine Andrea, E. Michael Angulo, and HESAA (referred to collectively as "Defendants"), alleging twenty-one counts of statutory and constitutional violations and seeking, *inter alia*, $850,000 and reinstatement to his position.  On February 28, 2006, the Magistrate Judge entered an Order extending Defendants' time to answer to April 11, 2006.  Pursuant to the Order, Defendants filed their Answer on April 11, 2006, but due to an alleged clerical error it appears that Plaintiff did not initially receive a paper copy of the Answer.

On or about April 18, 2006, Plaintiff filed the motion for default judgment, and on or about May 26, 2006, Plaintiff filed the motion to be reinstated at HESAA.

**II.  DISCUSSION**

    A.  <u>Standard for a Motion for Default Judgment</u>

Federal Rule of Civil Procedure 55 governs the entry of default judgment.  A party must have the clerk of the Court enter default pursuant to Rule 55(a) before it may move for default judgment pursuant to Rule 55(b).  Fed. R. Civ. P. 55; <u>DeTore v. Local No. 245 of the Jersey City Pub. Employees Union</u>, 511 F. Supp. 171, 176 (D.N.J. 1981).  However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court.  <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1180 (3d Cir. 1984).  Furthermore, the preference is to dispose of cases on the merits whenever practicable.  <u>Id.</u> at 1181 (citations omitted).

    B.  <u>Plaintiff Failed to Seek Entry of Default from the Clerk</u>

As set forth above, prior to moving for default judgment, Plaintiff was required to have

default entered by the clerk of the Court. A review of the electronic docket in this case demonstrates that there was no entry of default by the clerk. As "no default judgment may be entered under . . . [Rule 55(b)] unless a default has previously been entered by the clerk under 55(a)," <u>DeTore</u>, 511 F. Supp. at 176, the Court, pursuant to Rule 55, may not enter default judgment for Plaintiff. Furthermore, default may not be entered now as an Answer has been filed by Defendants and was, in fact, filed prior to Plaintiff's initial filing of the motion for default. Consequently, Plaintiff's motion is denied with prejudice.

      C. <u>Plaintiff's Provides No Legal Basis for his Motion to be Reinstated</u>

Plaintiff filed his motion to be reinstated at HESAA and further set forth, in his proposed form of order, that he would be promoted to a classified position and included requirements for salary and benefits. However, nowhere in the Certification filed in support of the motion does Plaintiff set forth any basis for such a remedy nor any evidence of the merits of his claim beyond mere assertions. Given Plaintiff's claim for injunctive relief in his Complaint, the Court could construe the instant motion as a deficient motion for partial summary judgment. Even were the Court to do so, the motion would nonetheless be denied due to Plaintiff's failure to provide any legal basis for the relief sought. Consequently, the Court denies Plaintiff's motion.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment and Plaintiff's motion to be reinstated are denied with prejudice, and the matter shall proceed in accordance with the June 1, 2006 Pretrial Scheduling Order and the June 19, 2006 Order of the Magistrate Judge. An

appropriate form of order is filed herewith.


Dated:   July 25, 2006


                                                   s/ Garrett E. Brown, Jr.
                                                GARRETT E. BROWN, JR., U.S.D.J.